## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, James F. Loomis, being duly sworn, depose and state as follows:

**Affiant Background and Purpose of Application**

1. I am a Task Force Agent (TFA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and I have been since September 2023. In my capacity as a TFA, I am familiar with the federal laws relating to the acquisition, possession, and transfer of firearms and the distribution of, possession with the intent to distribute, and conspiracy to distribute controlled substances. I have been trained in the investigation of violations of those laws, and I have participated in many such investigations. I am also a Border Patrol Agent (BPA) Intelligence (Intel) [BPA-I] with the United States Border Patrol (USBP), a component of the Department of Homeland Security (DHS), assigned to the USBP Swanton Sector. I have been employed as a BPA since August 2011. I am currently assigned as a BPA-I and have been so since May 2019. My current duty station is at the Richford Station in Richford, Vermont. I received formal training to identify and investigate alien, narcotics, and firearm smuggling activities both at the United States Border Patrol Academy in Artesia, New Mexico from August 2011 to January 2012 and through regular and recurring on-the-job training and course certifications.

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the electronic device—further described below and in Attachment A—that is currently in the possession of the ATF and the seizure from the device of the electronically stored information described in Attachment B. This warrant application arises from an ATF investigation and subsequent arrest of Jacob Spencer on June 18, 2024, pursuant to an arrest warrant issued in the District of

1

Vermont under 2:24-MJ-070. Spencer has since been indicted for the charged offense in case 2:24-cr-68.

3. The device to be searched is a gray Apple iPhone in a red and black case (the "DEVICE"), further described in Attachment A, which was discovered in Spencer's front pocket during his arrest on June 18, 2024 in Colchester, VT. The DEVICE is currently located at the ATF Field Office in Burlington, VT. Based on my training and experience, the DEVICE has been stored in a manner such that the data contained on it is likely to remain intact and in the same condition as it was at the time of the DEVICE's seizure. The applied-for warrant would authorize the forensic examination of the DEVICE for the purpose of seizing electronically stored data, particularly described in Attachment B, that would evidence narcotics and firearms offenses, including 18 U.S.C. §§ 922 (a)(6), 922(g)(3), 932, and 933 and/or 21 U.S.C. § and 844. There is probable cause to believe Spencer committed the offenses listed in Attachment B and evidence of those offenses will be found in the DEVICE.

4. In my experience investigating smuggling offenses and firearms and narcotic possession and trafficking offenses, I have found that electronic devices such as cellular phones similar to the DEVICE are commonly used to facilitate international smuggling events and domestic trafficking of illicit narcotics and illegal firearm sales and trades. Smugglers and traffickers often use these devices to coordinate procurement, sales, transport, and distribution of their illegal commodities, as well as the distribution of proceeds related to those offenses. In my experience, traffickers often use third party applications—such as WhatsApp, Facebook Messenger, Snapchat, Telegram, etc.—such that when data are acquired from recipients of the communications or from the service providers, it may be difficult to attribute those data to a particular sender. Further, such services often use levels of encryption to protect the nefarious

content and context of their communication. In investigations related to the movement of firearms, I have learned that firearm purchasers often communicate using cellular phones with the individuals to whom they will provide the purchased firearms. These communications may include requests for the purchaser to buy specific firearms, discussions of prices or drug trades for firearms, information about how to deliver the firearms, and other related matters. Examination of such electronic devices seized directly from the suspected smuggler, trafficker, gun purchaser, or possessor of contraband can lead to attribution of those communications to the possessor(s) of the devices.

5. The information contained within this affidavit is based upon my training and experience, my own investigative efforts, and investigation by other law enforcement officers with whom I have spoken or whose reports I have reviewed. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below. The information in this affidavit is meant to set forth probable cause to believe that the violations have occurred and that evidence of them will be found on the DEVICE; it does not necessarily include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant to be direct quotations or complete descriptions.

**Probable Cause**

6. Exhibit 1 to this affidavit is my June 17, 2024 affidavit in support of a complaint charging Jacob Spencer with making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). The information in Exhibit 1 remains accurate to the best of my knowledge. I reassert and incorporate Exhibit 1 in this affidavit.

3

7. On June 17, 2024, an arrest warrant was issued for Spencer pursuant to the complaint related to Exhibit 1. With a team of ATF agents, I visited a home in Georgia, VT where I believed Spencer had recently stayed. The homeowner answered the door and stated Spencer had not been there for three days. The man told me he would get in touch with Spencer and have him call me. A short time later Spencer called me and agreed to meet me at the Federal Courthouse in Burlington on June 18, 2024. During this conversation I asked Spencer where he was currently living and Spencer stated he was currently couch surfing with various friends. On the morning of June 18, 2024, Spencer called me from the number he had listed on the April 2024 ATF 4473 form and told me he could not meet me at the courthouse because he did not have a ride. Spencer asked me to meet him at the Cumberland Farms in Colchester and I agreed. When I arrived at the Cumberland Farms, Spencer was not there. I called Spencer back and he told me he was walking towards the Cumberland Farms. Task Force Officer (TFO) Nicolas Hendry, Special Agent Samuel Brown, and I began searching for Spencer. Spencer was located at approximately 10:35 a.m., walking on Johnson Ave., and was placed under arrest. While speaking with Spencer, I observed him to be lethargic, unaware, and lacking coordination, leading me to believe he might be under the influence of narcotics. To ascertain Spencer's condition, I asked Spencer if he had recently used drugs and he stated that he had used heroin late the previous night or early the morning of our encounter.

8. While searching Spencer after his arrest, I discovered the DEVICE in his front pocket. I advised Spencer that I was seizing the DEVICE for evidence, and he became upset saying that was their (his and his girlfriend's) only phone. While continuing to search Spencer, a small white container fell out of the front pocket of his shorts. I asked Spencer what this container was, and he stated it was a "slick" and further stated that it is used to store narcotics but

4

it was currently empty. TFO Hendry and SA Brown later received consent from Spencer to open the container and they confirmed it was empty.

## Conclusion and Requests

9. Based on the foregoing, I submit there is probable cause to believe that Jacob Spencer has committed violations of 18 U.S.C. §§ 922 (a)(6), 922(g)(3), 932, and 933 and/or 21 U.S.C. § and 844 by making false statements in connection with the purchase of firearms, possessing firearms while being an unlawful user of controlled substances, purchasing firearms for people other than himself, and possessing controlled substances. Further, based on the facts outlined above, there is probable cause to believe that evidence of those violations will be located in the DEVICE. I respectfully request the issuance of a search warrant authorizing the examination of the DEVICE, further described in Attachment A, and the seizure therefrom of the data described in Attachment B.

10. Because this warrant seeks only permission to examine the DEVICE, which is already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Dated at Burlington, in the District of Vermont, this _____ day of July 2024.

James F. Loomis, Task Force Agent
ATF

Attested to by the complainant in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 2nd day of July 2024.

HON. KEVIN J. DOYLE, Magistrate Judge
United States District Court
District of Vermont